IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISAEL V.E.,<br><br>Petitioner,<br><br>vs.<br><br>TONYA ANDREWS, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-08501-MWJS<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 214-934-729 |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Misael V.E.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and petition for temporary restraining order, Dkt. No. 4.

Petitioner entered the country without inspection on an unknown date. Dkt. No. 10-1, at pg. 2. He has been detained by immigration authorities since August 28, 2026. *Id.* The Department of Homeland Security commenced removal proceedings against Petitioner under 8 U.S.C. § 1229a by filing a Form I-862 (Notice to Appear). *Id.* at pg. 5–7. Those removal proceedings remain pending.

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner received a bond hearing on October 9, 2026. Dkt. No. 9. At the conclusion of that hearing, an immigration judge denied bond after finding that Petitioner is both a danger to the community and flight risk. Dkt. No. 10-3, at pg. 4. Petitioner appealed the immigration judge's decision to the Board of Immigration Appeals, and that appeal remains pending. *See id.* at pgs. 1–2.

In the petition now before the court, Petitioner argues that his "ongoing prolonged detention without a hearing" violates his rights under the Due Process Clause of the Fifth Amendment. Dkt. No. 1, at pgs. 16–17.

Here, there is no dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a). *See* Dkt. No. 1, at pg. 6; Dkt. No. 10, at pg. 1. To the extent Petitioner's claim is based on the two-plus months he has been detained, the Ninth Circuit has held that the government's detention authority under 8 U.S.C. § 1226(a) is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (cleaned up).

Although the government's detention authority 8 U.S.C. § 1226(a) might yield to constitutional considerations when a noncitizen is "stuck in a removable-but-unremovable limbo," the lack of a certain end date, without more, does not render a noncitizen's detention indefinite. *Prieto-Romero*, 534 F.3d at 1063. A noncitizen detained under 8 U.S.C. § 1226(a) "remains *capable* of being removed—even if it has not yet finally been determined that he *should* be removed—and so the government retains an

interest in assuring his presence at removal." *Id.* at 1965 (cleaned up). Thus, the fact that a period of detention under 8 U.S.C. § 1226(a) extends even far beyond six months does not necessarily mean that it is indefinite. *Id.* at 1068 (concluding that non-citizen's three-plus years of detention under 8 U.S.C. § 1226(a) was lawful). Petitioner does not explain why nor does anything in the current record suggest that Petitioner's current detention is not reasonably necessary to bring about his removal.

To the extent Petitioner's claim is based on the process he has received, as the Ninth Circuit has recognized, 8 U.S.C. § 1226(a) and its implementing regulations "provide extensive procedural protections"—including "several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). In *Rodriguez Diaz*, the Ninth Circuit upheld these procedures against both facial and as-applied challenges. *Id.* at 1203.

Here, Petitioner has been detained for a little more than two months. The relatively short duration of his detention undercuts the strength of his interest. On top of this, the government has an "obvious interest in protecting the public" from noncitizens found to be dangerous, as well as a legitimate interest in increasing the chances that a noncitizen who is subject to a final order of removal can be removed. *Id.*

at 1208. Finally, nothing in the current record suggests that the existing agency procedures failed to sufficiently protect Petitioner's liberty interest. *Id.* at 1209.

The court therefore DISMISSES the petition without prejudice. This dismissal does not foreclose Petitioner from filing another petition if, at some point, he is able to show that his detention has extended beyond the period reasonably necessary to effectuate his removal. Nor does it preclude Petitioner from requesting another bond hearing before an immigration judge, if his circumstances materially change. *See* 8 C.F.R. § 1003.19(e).

Given the foregoing, Petitioner's petition for temporary restraining order, Dkt. No. 4, is DENIED as moot. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondents.

IT IS SO ORDERED.

DATED: November 6, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge